UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF TENNESSEE

NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | No. 3:13-00122 |
| ) | |
| v. ) | 18 U.S.C. § 1001 |
| ) | 18 U.S.C. § 1014 |
| JAMES R. JONES ) | 18 U.S.C. § 1028A |
| ) | 18 U.S.C. § 1344 |
| ) | 18 U.S.C. § 1512(c)(1) |
| ) | 18 U.S.C. § 2 |

# INDICTMENT

### COUNT ONE

THE GRAND JURY CHARGES:

At all times material to this Indictment:

1. Defendant **JAMES R. JONES** was a resident of Woodlawn, Tennessee, in the Middle District of Tennessee, and was a Sergeant First Class and an Assistant Inspector General with the U.S. Army Office of Inspector General.

2. Individuals known to the Grand Jury and referred to herein as "M.L.", "M.K.", and "S.L." were officers in the United States Army whose identities were stolen and used by defendant **JAMES R. JONES**.

3.      From in or about February 2013 to in or about May 2013, in the Middle District of Tennessee and elsewhere, **JAMES R. JONES**, knowingly and with the intent to defraud, executed and attempted to execute a scheme and artifice to defraud the Fort Campbell Federal Credit Union ("FCFCU") and the Navy Federal Credit Union ("NFCU"), both of which were "financial institutions" as defined by Title 18, United States Code, Section 20, and to obtain the moneys, funds, and other property owned by, and under the custody or control of FCFCU and NFCU by means of material false and fraudulent pretenses, representations, and promises.

4.      It was part of the scheme that defendant **JAMES R. JONES**, while working in his official capacity as Sergeant First Class and Assistant Inspector General with the U.S. Army Office of Inspector General, fraudulently, and without the knowledge of the victims, obtained the names, Social Security numbers, dates of birth, and other identifying information of certain U.S. Army officers, including officers who were at that time deployed to Afghanistan, and of an enlisted soldier in the U.S. Army who had been killed in combat in Afghanistan.

5.      It was further part of the scheme that defendant **JAMES R. JONES** used the personal identifying information of the victim U.S. Army officers to apply for membership accounts in their names with the FCFCU and the NFCU.

6.      It was further part of the scheme that defendant **JAMES R. JONES** used the personal identifying information of the victim U.S. Army officers to apply for loans in their names with the FCFCU and the NFCU.

7.      It was further part of the scheme that defendant **JAMES R. JONES** created false identification documents using the personal identifying information of the victim U.S. Army officers.

8. It was further part of the scheme that defendant **JAMES R. JONES** created e-mail accounts in the names of the victim U.S. Army officers and used the e-mail accounts in connection with the fraudulent loan applications to FCFCU and NFCU.

9. It was further part of the scheme that defendant **JAMES R. JONES** telephoned FCFCU and NFCU and pretended to be the victim U.S. Army officers in an effort to follow-up on the fraudulent loan applications.

10. It was further part of the scheme that defendant **JAMES R. JONES** falsely endorsed drafts and promissory notes issued in connection with loans that he had fraudulently obtained using the identities of the victim U.S. Army officers.

11. It was further part of the scheme that defendant **JAMES R. JONES** used false identification documents while attempting to withdraw funds from loans that he had fraudulently obtained using the identities of the victim U.S. Army officers.

12. It was further part of the scheme that defendant **JAMES R. JONES** withdrew cash from loans that he had fraudulently obtained using the identities of the victim U.S. Army officers.

13. It was further part of the scheme that defendant **JAMES R. JONES** transferred funds from a loan that he had fraudulently obtained using the identity of a victim U.S. Army officer known to the grand jury as "M.K."

14. It was further part of the scheme that defendant **JAMES R. JONES** purchased a cashier's check from NFCU using funds from a loan that he had fraudulently obtained using the identity of a victim U.S. Army officer known to the grand jury as "S.L."

15. It was further part of the scheme that defendant **JAMES R. JONES** failed to make payments on the loans that he had fraudulently obtained from FCFCU and NFCU.

16. It was further part of the scheme that defendant **JAMES R. JONES** attempted to conceal his role in the scheme by falsely accusing a deceased U.S. Army officer of planning the scheme.

17. It was further part of the scheme that defendant **JAMES R. JONES** asked a colleague to delete data from his work computer in an effort to conceal evidence of his creation of fraudulent loan applications and use of the identities of the victim U.S. Army officers.

18. On or about March 7, 2013, in the Middle District of Tennessee and elsewhere, defendant **JAMES R. JONES** executed and attempted to execute the above-described scheme, as set forth above, in that the defendant submitted a fraudulent loan application to the Fort Campbell Federal Credit Union in the name of an individual known to the grand jury as "M.L."

All in violation of Title 18, United States Code, Sections 1344 and 2.

## COUNT TWO

THE GRAND JURY FURTHER CHARGES:

On or about March 7, 2013, in the Middle District of Tennessee and elsewhere, **JAMES R. JONES** did knowingly possess and use, without lawful authority, the means of identification of another person, that is, the name, date of birth, and social security number of an individual known to the grand jury as "M.L.," during and in relation to a violation of Title 18, United States Code, Section 1344, to wit, the submission of a fraudulent online loan application to FCFCU.

In violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

## COUNT THREE

THE GRAND JURY FURTHER CHARGES:

On or about March 4, 2013, in the Middle District of Tennessee and elsewhere, **JAMES R. JONES** knowingly made a material false statement on a loan application for the purpose of influencing the action of the FCFCU, a federal credit union the accounts of which are insured by the National Credit Union Administration Board, namely, **JAMES R. JONES** falsely represented that his name, date of birth, and social security number were that of an individual known to the grand jury as "M.K."

In violation of Title 18, United States Code, Sections 1014 and 2.

## COUNT FOUR

THE GRAND JURY FURTHER CHARGES:

On or about March 4, 2013, in the Middle District of Tennessee and elsewhere, the defendant, **JAMES R. JONES** did knowingly possess and use, without lawful authority, the means of identification of another person, that is, the name, date of birth, and social security number of an individual known to the grand jury as "M.K.," during and in relation to a violation of Title 18, United States Code, Section 1014, to wit, the submission of a fraudulent online loan application to FCFCU for a loan of $12,000.

In violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

## COUNT FIVE

THE GRAND JURY FURTHER CHARGES:

On or about May 6, 2013, in the Middle District of Tennessee and elsewhere, the defendant, **JAMES R. JONES** knowingly and willfully made and caused to be made materially

5

false, fictitious, and fraudulent statements and representations in a matter within the jurisdiction of the executive branch of the Government of the United States, that is, the United States Secret Service, an agency of the United States. Specifically, in an interview with a Special Agent of the United States Secret Service, **JAMES R. JONES** falsely stated that he had obtained the personal identifying information of victim U.S. Army officers and identification documents in the names of these officers from an individual known to the grand jury as "C.R." In truth and fact, as **JAMES R. JONES** then and there knew, he used his official position as a Sergeant First Class and Assistant Inspector General with the U.S. Army Office of Inspector General to obtain the personal identifying information of victim U.S. Army officers, which he then used to create false identification documents and to apply for fraudulent loans in the names of the victim U.S. Army officers.

In violation of Title 18, United States Code, Section 1001.

## COUNT SIX

THE GRAND JURY FURTHER CHARGES:

On or about May 8, 2013, in the Middle District of Tennessee and elsewhere, the defendant **JAMES R. JONES**, did corruptly attempt to alter, destroy, mutilate, and conceal records and other objects, namely, electronic data contained on a computer, with the intent to impair their integrity and availability for use in an official proceeding, to wit, a federal grand jury proceeding in the Middle District of Tennessee.

In violation of Title 18, United States Code, Section 1512(c)(1).

# FORFEITURE ALLEGATIONS

1. The allegations contained in this Indictment are re-alleged and incorporated by reference as if fully set forth in support of this forfeiture.

2. Upon conviction of an offense alleged in Count One or Count Three, **JAMES R. JONES** shall forfeit to the United States of America pursuant to Title 18, United States Code, Section 982(a)(2), any property constituting, or derived from, proceeds the person obtained directly or indirectly, as the result of the offense of conviction, including but not limited to a money judgment in an amount to be determined, said amount representing the amount of gross proceeds obtained as a result of such offense.

3. Upon conviction of the offense alleged in Counts Two or Four, **JAMES R. JONES** shall forfeit to the United States of America: pursuant to Title 18, United States Code, Sections 982(a)(2)(B) and 981(a)(1)(C) and Title 28, United States Code, Section 2461, any property, real or personal, which constitutes, or is derived from, proceeds traceable to the offense of conviction, including but not limited to a money judgment in an amount to be determined, said amount representing the amount of gross proceeds obtained as a result of such offense.

4. If any of the property described above, as a result of any act or omission of **JAMES R. JONES**:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property that cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property, and it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of **JAMES R. JONES** up to the value of said property listed above as subject to forfeiture.

A TRUE BILL

███████████████

FOREPERSON

_____
DAVID RIVERA
ACTING UNITED STATES ATTORNEY

_____
WILLIAM F. ABELY
ASSISTANT UNITED STATES ATTORNEY