UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | NO. 3:13-cr-00122 |
| v. | ) | |
| | ) | JUDGE TRAUGER |
| JAMES R. JONES | ) | |

### PROTECTIVE ORDER REGARDING DISCOVERY

Upon an unopposed motion by the Government, the Court concludes that discovery would be facilitated by a protective order pursuant to Federal Rule of Criminal Procedure Rule 16(d)(1). Accordingly, on this <u>  23rd  </u> day of <u>  July  </u>, 2013, it is HEREBY ORDERED THAT:

1. <u>Definition of Discovery Material</u>. This order shall govern all documents and materials furnished at any time to any Party by another Party, all information derived from such documents and materials, and all copies, excerpts, or summaries thereof (collectively, "Discovery Material").

2. <u>Confidentiality of Discovery Material</u>. All Discovery Material shall be treated as confidential during the pendency of this action and shall be referred to as confidential without need for further designation. Discovery Material shall be used by the Parties solely for the purposes of this action.

3. <u>Disclosure of Discovery Material to Authorized Persons</u>. No Party shall disclose Discovery Material to any person except as provided in this order. In particular, Discovery Material may be disclosed by *t*he Parties only to the Authorized Persons and only for the authorized purposes listed below. A person who would otherwise be authorized to receive Discovery Material, but to whom Discovery Material was disclosed for an unauthorized purpose,

shall *not* be considered an Authorized Person under this Paragraph. "Authorized Persons" are limited to the following:

    a.    The Parties, counsel for the Parties, and their respective employees;

    b.    Any person retained by counsel to assist in the preparation, trial, or appeal of this criminal action (or any collateral civil matter arising directly from this criminal action), including experts and investigators. With respect to such persons, (i) Discovery Material shall be disclosed to the person only to the extent necessary to perform the work for which the person was retained; and (ii) the person shall not retain Discovery Material after his or her work related to this criminal action has concluded;

    c.    Any person whose testimony was or will be taken in this action. With respect to such persons: (i) Discovery Material shall be disclosed to the person only in preparation for, during, or in review of the person's testimony; and (ii) the person shall not retain Discovery Material after his or her testimony has concluded;

    d.    The author(s) and addressee(s) of Discovery Material;

    e.    The Court and any persons employed by it working on this matter.

    4.    <u>Notice Prior to Disclosure</u>. Before any disclosure to a defendant or other Authorized Person listed above (other than the Court), the disclosing counsel shall inform that person of this order and its effect and provide the person with a copy of the order. The disclosing counsel shall further direct the person not to disclose any Discovery Material and that any unauthorized disclosure may be punished as contempt of court.

    5.    <u>Reproduction of Discovery Material</u>. Any copies or reproductions of Discovery Material are considered Discovery Material and shall be treated in the same manner as the original material.

6. <u>Counsel's Responsibility</u>.  A Party's counsel shall be responsible (i) for controlling and accounting for all such Discovery Material described above; and (ii) for assuring full compliance with this order by any of his or her employees assisting in this litigation.  A Party's counsel shall also take all reasonable steps to ensure that any Authorized Person to whom counsel has disclosed Discovery Material (pursuant to Paragraph 3 herein) complies with this order, including but not necessarily limited to the notice requirements described in Paragraph 4 herein.

7. <u>Limitation of Use of Discovery Material</u>.  Nothing in this order shall limit Discovery Material from being used in pretrial proceedings, investigation, motions and briefs, trial and other proceedings in this litigation. This Order, however, does not affect limitations, if any, imposed by any third party on the use of Discovery Material.

8. <u>Discovery Material in Court Papers</u>. Nothing in this order limits the application of Fed. R. Crim. P. 49.1 (regarding privacy protections for court filings) or 26 U.S.C. § 6103 (regarding tax-related information) for any filings made with the Court.

9. <u>Party's Use of His or Her Own Documents</u>.  Nothing in this order shall prevent a Party from any use of his or her own confidential documents.

10. <u>Use of Discovery Material at Trial</u>.  The admissibility, confidentiality, and use of all Discovery Material at trial shall be subject to further order of the Court; the Federal Rules of Criminal Procedure, including but not limited to Fed. R. Crim. P. 49.1; and the Federal Rules of Evidence.

11. <u>Inadvertent Disclosure</u>.  Nothing in this order exposes a Party or a Party's counsel to contempt of court or any other type of sanction for unintentional or inadvertent disclosure of Discovery Material by that Party, that Party's counsel, or that Party's agent.  In the event of such unintentional or inadvertent disclosure of Discovery Material, the disclosing Party's counsel shall

promptly notify the other Parties' counsel of the inadvertent disclosure, and the Parties' counsel shall discuss in good faith what steps, if any, should be taken to minimize the effect of such disclosure.

12. <u>Modification of Order</u>. The terms of this order are subject to modification, extension, or limitation as may be agreed to by all Parties or by order of the Court.

BY THE COURT:

_____
Aleta A. Trauger
United States District Court Judge